946 So.2d 1200 (2006)
Jane Marie BURZEE, Appellant,
v.
PARK AVENUE INSURANCE AGENCY, INC., Appellee.
No. 5D05-3608.
District Court of Appeal of Florida, Fifth District.
December 29, 2006.
Rehearing Denied January 31, 2007.
*1201 James A. Burzee, Orlando, for Appellant.
Jamie Billotte Moses, Jon M. Oden, and Tiffany M. Chill, of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., Orlando, for Appellee.
MONACO, J.
Jane Marie Burzee appeals the Final Judgment on Plaintiff's Motion For Entry of Final Judgment on Damages that held her liable for damages for breach of a non-compete agreement with her former employer, Park Avenue Insurance Agency, Inc. She also appeals a final judgment of civil contempt and the fine imposed for her violation of an injunction entered by the trial court. We affirm the conclusion of the trial court in the Final Judgment that Ms. Burzee violated the non-compete provisions in the agreement, and we affirm the finding of civil contempt and the civil fine imposed for that contempt.[1] Because we conclude that the consequence of the breach of the non-compete agreement amounted to a penalty, rather than liquidated damages, however, we reverse that part of the Final Judgment awarding damages.
Ms. Burzee and Park entered into an oral employment contract, but executed a written covenant-not-to-compete agreement in which she agreed that:
[F]or a period of two (2) years after leaving the employ of the Company she will not call upon or communicate with or endeavor by any means whatsoever, either directly or indirectly, to sell or to solicit to sell, any of the present customers of the Company or any customers of the Company who she shall have secured as customers for the Company or shall have become customers of the company during the entire period of her employment by it, or any other customers of the Company.
In the event of the violation of the non-competition provision by Ms. Burzee, the parties agreed that the measure of damages would be as follows:
Employee further agrees that in the event that she shall violate or break this covenant, which she hereby acknowledges would cause great loss and irreparable damage to the Company, which could not be ascertainable, she shall be and become liable for and be obligated to pay the Company a sum as liquidated damages equal in amount to $10000 PLUS the entire commissions earned by the Company on the accounts sold and/or serviced by Employee during the TWENTY-FOUR (24) months prior to the month in which her employment *1202 with the Company is terminated, and in addition to any and all other remedies available to it, the Company shall be entitled to both a temporary and permanent injunction restraining and enjoining Employee from any violations or breaches of this agreement. (emphasis added).
Park terminated Ms. Burzee in 2002, and a short time later she began to work for another competing insurance agency. The trial court concluded that while so employed, she violated the non-compete agreement and awarded damages of $161,572.88 to Park, in accordance with the damages provision. As specified in the agreement, the award was calculated by totalling all of the commissions earned by Park on the accounts either sold or serviced by Ms. Burzee during the two years prior to her termination, plus the $10,000 kicker. Ms. Burzee argues that this amounts to a penalty, while Park urges that it was properly determined to be liquidated damages. We think it was a penalty.
We review the legal effect of a contractual provision de novo as an issue of law. See Cox v. CSX Intermodal, Inc., 732 So.2d 1092 (Fla. 1st DCA), review denied, 744 So.2d 453 (1999). A reviewing court may, therefore, independently reassess the meaning of the non-compete provision and reach a conclusion different from that of the trial court. See RKR Motors, Inc. v. Associated Uniform Rental & Linen Supply, Inc., 31 Fla. L. Weekly D2646, ___ So.2d ___, 2006 WL 3019582 (Fla. 3d DCA Oct. 25, 2006); Coleman v. B.R. Chamberlain & Sons, Inc., 766 So.2d 427 (Fla. 5th DCA 2000). We begin our independent review by a consideration of the general principles underpinning the subject of liquidated damages.
The parties to a contract may stipulate in advance to an amount to be paid as liquidated damages in the event of a breach, provided that the damages resulting from the breach are not readily ascertainable, and provided that the sum stipulated as damages is not so grossly disproportionate to any damages that might reasonably be expected to follow from a breach that the parties could only have intended to induce full performance, rather than to liquidate their damages. See Lefemine v. Baron, 573 So.2d 326, 328 (Fla.1991); RKR Motors. If, however, a penalty provision is disguised as a liquidated damages provision, it is unenforceable. See Hyman v. Cohen, 73 So.2d 393, 399 (Fla.1954); Coleman, 766 So.2d at 429. The theory is simply that we do not allow one party to hold a penalty provision over the head of the other party "in terrorem" to deter that party from breaching a promise. See Crosby Forrest Products, Inc. v. Byers, 623 So.2d 565, 567 (Fla. 5th DCA 1993); see also Coleman, 766 So.2d at 429.
In the present case there is virtually no relationship between the gravity of the loss to Park that would result from a violation of the non-compete agreement and the amount specified as damages. The amount consists of all of the premiums earned by Park from any account "sold and/or serviced" by Ms. Burzee for two years, regardless of the extent of that servicing, and undiminished by her share of the commissions or by any other expenses that Park might have incurred in connection with those commissions. That is, the provision requires her to pay the gross amount of the commission earned by her employer from the identified accounts during the two-year calculation period. To that, the contract requires yet another $10,000 be lumped on top.
While it might be true that Park's damages could not have been calculated with particularity at the commencement of Ms. Burzee's employment, these numbers are *1203 grossly disproportionate to any damages that Park could have anticipated by a breach and, therefore, constitute a penalty. Our conclusion in this regard is validated to some extent by a review of some similar cases. In Coleman we held that a provision that required the employee upon breach to pay 200% of one year's gross revenue for each client that actually switched to the employee's new employer was a penalty and unenforceable. Similarly, in Cherry, Bekaert & Holland v. LaSalle, 413 So.2d 436 (Fla. 3d DCA 1982), the Third District also held that a covenant that required the departing employee to pay 200% of the fees charged to any former client of the firm served by the employee during the preceding year to be a penalty. In Ms. Burzee's case she would be compelled to pay as damages 100% of the commissions earned by her employer from any client she dealt with while employed for two years, regardless of whether any of the clients actually followed her to her new employer. The damage calculation is the same whether she breached with only one client or a hundred. The absence of proportionality is patent.
Finally, we note that our Supreme Court has held that even as against a properly conceived liquidated damages clause, equity may "relieve against the forfeiture if it appears unconscionable in light of the circumstances existing at the time of the breach." Hutchison v. Tompkins, 259 So.2d 129, 132 (Fla.1972); see also Coleman. Here, we are convinced that even if the clause might ordinarily be enforceable, it is not enforceable in light of the present breach.
Accordingly, we reverse that part of the judgment finding the subject provision to be a valid liquidated damages clause, and remand for further consideration in light of this opinion. We otherwise affirm the final judgment.
REVERSED in part, AFFIRMED in part, and REMANDED.
GRIFFIN and TORPY, JJ., concur.
NOTES
[1] The attorneys' fees awarded pursuant to the finding of contempt and costs of this action were awarded in a separate judgment. This judgment does not appear to have been appealed, and we therefore have no jurisdiction to consider it.